E-FILED
Friday, 30 June, 2006 03:22:33 PM
Clerk, U.S. District Court, ILCD

FILED
JUN 3 0 2006
JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| JUSTIN HERRICK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Docket No. 06-3137 |
| | ) | |
| DAVID FREEMAN, Superintendent of | ) | |
| Taylorville Correctional Center, GREGORY | ) | |
| SIMS, Superintendent of Taylorville | ) | |
| Correctional Center, ADAM McDOWELL, | ) | |
| GLENDA WORTLEY, DR. AHMED and | ) | |
| DR. LOCKHART, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

NOW COMES the Plaintiff, JUSTIN HERRICK, by and through his counsel, Michael J.

Costello, and for his Complaint complaining of Defendants DAVID FREEMAN, Superintendent of

Taylorville Correctional Center, GREGORY SIMS, Superintendent of Taylorville Correctional

Center, ADAM MCDOWELL, GLENDA WORTLEY, and DR. AHMED, AND DR.

LOCKHART, respectfully states as follows:

## COUNT I

## (DELIBERATE INDIFFERENCE)

### INTRODUCTION

### Jurisdiction, Venue, and Cause of Action

1.      This action arises under 42 U.S.C. 1983 to redress the depravation under color of

state law of the rights, privileges, and immunities secured by the Constitution of the United States

pursuant to the Fourteenth Amendment.  The Court has jurisdiction of this cause pursuant to 28

U.S.C. § 331 and 28 U.S.C. § 1343.

1

**Parties**

2.      Plaintiff, Justin Herrick, on July 6, 2004 prior to and thereafter was incarcerated and under the care, custody, and control of the Illinois Department of Corrections, Taylorville Correctional Center, Taylorville, Illinois serving a sentence of incarceration.

3.      At all times relevant herein, the Defendant, David Freeman, was employed by the Illinois Department of Corrections as Superintendent of the Taylorville Correctional Center.

4.      At all times relevant herein, the Defendant, Gregory Sims, was employed by the Illinois Department of Corrections as Superintendent of the Taylorville Correctional Center.

5.      At all times relevant herein, Adam McDowell was Grievance Officer and was employed by the Illinois Department of Corrections at the Taylorville Correctional Center.

6.      At all times relevant herein, Glenda Wortley was HCU Administrator and employed by the Illinois Department of Corrections at the Taylorville Correctional Center.

7.      At all times relevant herein, Dr. Ahmed was a medical practitioner and was employed by the Illinois Department of Corrections.

8.      At all times relevant herein, Dr. Lockhart was a medical practitioner and was employed by the Illinois Department of Corrections.

**STATEMENT OF FACTS**

9.      On July 1, 2003, Plaintiff injured his right knee playing soccer while an inmate. Dr. Lockhart ordered x-rays which were taken on July 5, 2003.  Dr. Lockhart advised Plaintiff that it was arthritis.  Ibuprofen and crutches were prescribed. The Plaintiff used the crutches for approximately two weeks.

10.      The Plaintiff returned to see Dr. Lockhart on July 9, 2003, July 24, 2003, August 4, 2003 and December 6, 2003 and complained of severe continued pain and swelling localized about

the anterior cruciate ligament "ACL" and the inner ligament "medial manicus". Ibuprofen was prescribed; however, the Plaintiff advised Dr. Lockhart that the pain was not helped by ibuprofen.

11.     In October, 2003 Plaintiff complained to the Defendant Glenda Wortley about Dr. Lockhart's refusal to schedule him for a specialist or an MRI since his knee was not responding to treatment.

12.     On April 24, 2004 Plaintiff went to Defendant Glenda Wortley complaining of Dr. Lockhart's inaction but she was relying on the doctor's opinion and since the medical review committee was chaired by Dr. Lockhart and said to Plaintiff that he never overruled his own decisions.

13.     On June 8, 2004 Plaintiff again complained to Dr. Lockhart about the failure of his knee to heal, the continuing severe pain, the swelling and the pain at night all of which prevented him from sleeping.

14.     On July 2, 2004 Plaintiff again conferred with Dr. Lockhart about his complaints.

15.     On July 6, 2004 Plaintiff was referred to an Orthopedist, Dr. Trice of Decatur Memorial Hospital where an MRI was performed on July 15, 2004.

16.     Plaintiff conferred with Dr. Trice thereafter and was advised that he had a torn ACL and possible Meninisus damage; the Plaintiff was ordered for surgery in September, 2004.

17.     Surgery was performed on September 10, 2004 regarding his medical condition as above described and on October 14, 2004 Plaintiff conferred with Dr. Trice who prescribed physical therapy.

18.     On November 9, 2004 Plaintiff saw a therapist at Taylorville Correctional Center who recommended that he have therapy once a week for several weeks; however, the Plaintiff never saw the therapist again.

19.     On December 2, 2004 Plaintiff conferred with Dr. Trice who fitted him for an ACL (Briggs manufactured).

20.     On December 16, 2004 Plaintiff saw Dr. Trice again who advised he could not use a Briggs ALC brace because it contained metal structures.

21.     In mid-February, 2005, after corresponding with healthcare about his brace, he received a neoprene brace but not the brace recommended by Dr. Trice.

22.     On March 11, 2005 the Plaintiff was to have a 26 week check-up with Dr. Trice which did not occur.

23.     Defendants refused to permit the Plaintiff to see the orthopedic specialist; on April 17, 2005 Dr. Ahmed examined the Plaintiff's knee in a perfunctorily manner and advised that it was alright.

### General Factual Allegations of Liability

24.     The Defendant David Freeman, as Superintendent instituted a policy, pattern and practice of delaying treatment for the inmates under his care, custody and control which specifically resulted in a deliberate indifference to serious medical needs and treatment of the Plaintiff which has resulted in great pain and suffering and permanent injury.

25.     The Defendant, Gregory Sims, as Superintendent instituted a policy, pattern and practice of delaying treatment for the inmates under his care, custody and control which specifically resulted in a deliberate indifference to serious medical needs and treatment of the Plaintiff which has resulted in great pain and suffering and permanent injury.

26.     The Defendant Adam McDowell, a Grievance Officer, disregarded a serious known medical need and treatment of the Plaintiff by denying him access to treatment and surgery which has resulted in great pain, suffering and permanent injury.

4

27.     The Defendant Glenda Wortley, an ACU Administrator, disregarded a serious known medical need and treatment of the Plaintiff which resulted in great pain, suffering and permanent disability by denying him access to treatment.

28.     The Defendant Dr. Ahmed, a medical practitioner, disregarded a serious known medical need and treatment of the Plaintiff which resulted in great pain and suffering and a permanent disability by failing to treat the Plaintiff and denying him access to further treatment.

29.     The Defendant Dr. Lockhart, a medical practitioner, disregarded a serious known medical need and treatment of the Plaintiff which resulted in great pain and suffering and a permanent disability by failing to properly treat the Plaintiff and denying him access to further treatment.

## REQUEST FOR RELIEF

30.     As a result of the Defendants' actions, the Plaintiff has sustained a permanent injury in that they disregarded a serious known medical need and treatment of the Plaintiff by reason of their delaying the Plaintiff's treatment, surgery, and rehabilitation which has resulted in a permanent disability and has caused pain and suffering to the Plaintiff for which he is entitled to be compensated as a matter of law from each of the Defendants.

31.     The Plaintiff has complied with all regulations of the Department of Corrections and the rules and regulations of the Taylorville Correctional Center pertaining to the allegations herein that he has submitted grievances as required.

32.     As a result of the actions of the Defendants, the Plaintiff requests that he be awarded his attorney fees to be paid by the Defendants pursuant to 42 U.S.C. § 1988.

WHEREFORE, the Plaintiff, JUSTIN HERRICK, requests judgment against the Defendants, DAVID FREEMAN, GREGORY SIMS, ADAM MCDOWELL, GLENDA

5

WORTLEY, DR. AHMED, and DR. LOCKHART, in an amount in excess of $50,000.00 for compensatory damages and for all damages sustained and for costs therein.

## COUNT II

### (PUNITIVE DAMAGES)

1-32.    The Plaintiff repeats, realleges, and adopts paragraphs 1 through 32 of Count I as and for Paragraphs 1 through 32 of Count II and expressly incorporates the same herein as though set forth in *haec verba*.

33.    The deliberate indifference of the Defendants of a known serious medical need of the Plaintiff and a serious known medical condition was done in a willful, malicious, and wanton manner for which the Plaintiff requests punitive or exemplary damages.

WHEREFORE, the Plaintiff, JUSTIN HERRICK, requests judgment against the Defendants, DAVID FREEMAN, GREGORY SIMS, ADAM MCDOWELL, GLENDA WORTLEY, DR. AHMED and DR. LOCKHART, in an amount in excess of $50,000.00 for punitive damages and for all damages sustained and for costs therein.

## PLAINTIFF DEMANDS TRIAL BY JURY

JUSTIN HERRICK, Plaintiff

s/ Michael J. Costello
Michael J. Costello Bar Number 522627
Attorney for the Defendant
Costello Law Office
820 South Second Street
First Floor
Springfield, Illinois 62704
Telephone No.: (217) 544-5500
Fax No.: (217) 544-7500
costello.m@sbcglobal.net