05415-P7839
TMP/ej

# IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| JUSTIN HERRICK, K-91865,              ) | |
|                                        ) | |
| Plaintiff,                             ) | |
|                                        ) | |
| v.                                     ) | No. 06-3137 |
|                                        ) | |
| DAVID FREEMAN, GREGORY SIMS,           ) | |
| ADAM McDOWELL, GLENDA                  ) | |
| WORTLEY, DR. AHMED, DR. LOCKART,)      | |
|                                        ) | |
| Defendants.                            ) | |

## ANSWER TO COMPLAINT

NOW COMES the Defendant, HUGHES LOCHARD, M.D., incorrectly referred to as Dr. Lockhart, by his attorney, THERESA M. POWELL of HEYL, ROYSTER, VOELKER & ALLEN, and for his Answer to Plaintiff's Complaint, states:

## COUNT I
### (DELIBERATE INDIFFERENCE)

1. Defendant does not deny that jurisdiction and venue are proper.

2. Defendant admits that Plaintiff was incarcerated at the Taylorville Correctional Center at various times. This Defendant is not aware of the specific dates of incarceration of the Plaintiff at that facility and therefore must deny the remaining allegations of Paragraph 2.

3. This Defendant has insufficient knowledge regarding the allegations of Paragraph 3 and therefore must deny said allegations.

4. This Defendant has insufficient knowledge regarding the allegations of Paragraph 4 and therefore must deny said allegations.

5. This Defendant has insufficient knowledge regarding the allegations of Paragraph 5 and therefore must deny said allegations.

HEYL ROYSTER
VOELKER
& ALLEN

Suite 575
National City Center
1 N. Old State Capitol Plaza
P.O. Box 1687
Springfield, IL 62705-1687
Fax (217) 523-3902
(217) 522-8822

05415-P7839
TMP/ej

6. This Defendant has insufficient knowledge regarding the allegations of Paragraph 6 and therefore must deny said allegations.

7. Defendant denies the allegations of Paragraph 7.

8. Defendant denies the allegations of Paragraph 8.

9. Defendant admits that Plaintiff claimed to have injured his knee while playing soccer as an inmate. This Defendant does not have access to Plaintiff's medical records at this time and cannot therefore confirm or deny the specific dates, and therefore must deny the remaining allegations of Paragraph 9.

10. This Defendant does not have access to Plaintiff's medical records and does not have an independent recollection as to the dates that Plaintiff was seen by the Defendant. Defendant does not deny that he has seen the Plaintiff on various occasions while Plaintiff was an inmate at the Taylorville Correctional Center. However, without referring to the unavailable medical records, Defendant cannot specify the dates nor the complaints made. Defendant therefore must deny said allegations.

11. This Defendant has insufficient knowledge regarding the allegations of Paragraph 11 and therefore must deny said allegations.

12. This Defendant has insufficient knowledge regarding the allegations of Paragraph 12 and therefore must deny said allegations.

13. This Defendant does not have access to Plaintiff's medical records and does not have an independent recollection as to the dates that Plaintiff was seen by the Defendant. Defendant does not deny that he has seen the Plaintiff on various occasions while Plaintiff was an inmate at the Taylorville Correctional Center. However, without referring to the unavailable medical records,

HEYL ROYSTER
VOELKER
&ALLEN

Suite 575
National City Center
1 N. Old State Capitol Plaza
P.O. Box 1687
Springfield, IL 62705-1687
Fax (217) 523-3902
(217) 522-8822

05415-P7839
TMP/ej

Defendant cannot specify the dates nor the complaints made. Defendant therefore must deny said allegations.

14. This Defendant does not have access to Plaintiff's medical records and does not have an independent recollection as to the dates that Plaintiff was seen by the Defendant. Defendant does not deny that he has seen the Plaintiff on various occasions while Plaintiff was an inmate at the Taylorville Correctional Center. However, without referring to the unavailable medical records, Defendant cannot specify the dates nor the complaints made. Defendant therefore must deny said allegations.

15. This Defendant admits that Plaintiff was referred to an orthopedist in Decatur where an MRI was performed. Defendant has insufficient knowledge regarding the exact dates upon which occurred and therefore must deny these allegations.

16. This Defendant has insufficient knowledge regarding any conversations the Plaintiff may have had with Dr. Trice and therefore must deny said allegations.

17. This Defendant does not deny that surgery was performed on the Plaintiff. Defendant, however, has insufficient knowledge regarding the exact dates and therefore must deny said allegations. Defendant denies all remaining allegations.

18. This Defendant was no longer working at the Taylorville Correctional Center on November 9, 2004. He therefore has insufficient knowledge regarding any activities of the Plaintiff on the date alleged and therefore must deny said allegations.

19. This Defendant was no longer working at the Taylorville Correctional Center on December 2, 2004. He therefore has insufficient knowledge regarding any activities of the Plaintiff on the date alleged and therefore must deny said allegations.

HEYL ROYSTER
VOELKER
& ALLEN

Suite 575
National City Center
1 N. Old State Capitol Plaza
P.O. Box 1687
Springfield, IL 62705-1687
Fax (217) 523-3902
(217) 522-8822

05415-P7839
TMP/ej

20. This Defendant was no longer working at the Taylorville Correctional Center on December 16, 2004. He therefore has insufficient knowledge regarding any activities of the Plaintiff on the date alleged and therefore must deny said allegations.

21. This Defendant was no longer working at the Taylorville Correctional Center in mid-February 2005. He therefore has insufficient knowledge regarding any activities of the Plaintiff on the date alleged and therefore must deny said allegations.

22. This Defendant was no longer working at the Taylorville Correctional Center on March 11, 2005. He therefore has insufficient knowledge regarding any activities of the Plaintiff on the date alleged and therefore must deny said allegations.

23. This Defendant was no longer working at the Taylorville Correctional Center on April 17, 2005. He therefore has insufficient knowledge regarding any activities of the Plaintiff on the date alleged and therefore must deny said allegations.

24. This Defendant has insufficient knowledge regarding the allegations of Paragraph 24 and therefore must deny said allegations.

25. This Defendant has insufficient knowledge regarding the allegations of Paragraph 25 and therefore must deny said allegations.

26. This Defendant has insufficient knowledge regarding the allegations of Paragraph 26 and therefore must deny said allegations.

27. This Defendant has insufficient knowledge regarding the allegations of Paragraph 27 and therefore must deny said allegations.

28. This Defendant has insufficient knowledge regarding the allegations of Paragraph 28 and therefore must deny said allegations.

HEYL ROYSTER
VOELKER
&ALLEN

Suite 575
National City Center
1 N. Old State Capitol Plaza
P.O. Box 1687
Springfield, IL 62705-1687
Fax (217) 523-3902
(217) 522-8822

4

05415-P7839
TMP/ej

29. Defendant denies the allegations of Paragraph 29.

30. Defendant denies the allegations of Paragraph 30 and further deny that Plaintiff was injured or injured to the extent claimed.

31. Defendant denies the allegations of Paragraph 31.

32. Defendant denies that Plaintiff is entitled to any of the relief requested.

WHEREFORE, Defendant, HUGHES LOCHARD, M.D., prays that this Court will enter judgment in his favor and against the Plaintiff, plus costs of suit.

**DEFENDANT DEMAND TRIAL BY JURY AS TO COUNT I.**

### COUNT II
### (PUNITIVE DAMAGES)

Defendant denies that a prayer for punitive damages constitutes a separate count as opposed to an additional prayer for damages. Accordingly, Defendant moves to strike such designation from Plaintiff's Complaint.

1-32. Defendant reasserts his responses to Paragraphs 1 through 32 of Count I as and for his responses to Paragraph 1 through 32 of Count II to the extent necessary. See Defendant's request to strike said paragraphs as duplicative and unnecessary.

33. Defendant denies the allegations of Paragraph 33 and further denies that Plaintiff was injured or injured to the extent claimed. Defendant denies that Plaintiff is entitled to any punitive damages or any other damages.

WHEREFORE, Defendant, HUGHES LOCHARD, M.D., prays that this Court will enter judgment in his favor and against the Plaintiff, plus costs of suit and any other relief this Court deems appropriate.

HEYL ROYSTER
VOELKER
&ALLEN

Suite 575
National City Center
1 N. Old State Capitol Plaza
P.O. Box 1687
Springfield, IL 62705-1687
Fax (217) 523-3902
(217) 522-8822

05415-P7839
TMP/ej

### DEFENDANT DEMANDS TRIAL BY JURY AS TO COUNT II.

### AFFIRMATIVE DEFENSES

NOW COMES the Defendant, HUGHES LOCHARD, M.D., incorrectly referred to as Dr. Lockhart, by his attorney, THERESA M. POWELL of HEYL, ROYSTER, VOELKER & ALLEN, and for his Affirmative Defenses to Plaintiff's Complaint, states:

1. To the extent that Plaintiff has failed to exhaust his administrative remedies with respect to the issues alleged in this Complaint, Defendant is entitled to judgment as a matter of law;

2. To the extent any claimed act or omission occurred more than two (2) years prior to the filing of this lawsuit, Defendant is entitled to judgment as a matter of law with respect to the statute of limitations;

3. Defendant is entitled to qualified immunity with respect to the acts or omissions in the course of providing medical care to the Plaintiff.

WHEREFORE, Defendant, HUGHES LOCHARD, M.D., prays that this Court will enter judgment in his favor and against the Plaintiff, plus costs of suit.

### DEFENDANT DEMANDS TRIAL BY JURY TO THE EXTENT ALLOWED WITH RESPECT TO THESE AFFIRMATIVE DEFENSES

Respectfully submitted,

HUGHES LOCHARD, M.D., Defendant,

HEYL, ROYSTER, VOELKER & ALLEN,
Attorneys for Defendant,

BY:   /s/Theresa M. Powell
      Theresa M. Powell, #6230402
      HEYL, ROYSTER, VOELKER & ALLEN

HEYL ROYSTER
VOELKER
& ALLEN

Suite 575
National City Center
1 N. Old State Capitol Plaza
P.O. Box 1687
Springfield, IL 62705-1687
Fax (217) 523-3902
(217) 522-8822

6

05415-P7839
TMP/ej

Suite 575, National City Center
P. O. Box 1687
Springfield, IL  62705
Phone: (217) 522-8822
Fax:    (217) 523-3902
E-mail:tpowell@hrva.com

HEYL ROYSTER
VOELKER
&ALLEN

Suite 575
National City Center
1 N. Old State Capitol Plaza
P.O. Box 1687
Springfield, IL 62705-1687
Fax (217) 523-3902
(217) 522-8822

05415-P7839
TMP/ej

# CERTIFICATE OF SERVICE

I hereby certify that on August 28, 2006, I electronically filed **Answer to Complaint** with the Clerk of Court using the CM/ECF system which will send notification of such filings(s) to the following:

Michael J. Costello
costello.M@sbcglobal.net

and I hereby certify that on August 28, 2006, I mailed by United States Postal Service, the document(s) to the following non-registered participants:

None

/s/Theresa M. Powell
Theresa M. Powell, #6230402
HEYL, ROYSTER, VOELKER & ALLEN
Suite 575, National City Center
P. O. Box 1687
Springfield, IL  62705
Phone: (217) 522-8822
Fax:    (217) 523-3902
E-mail:tpowell@hrva.com

HEYL ROYSTER VOELKER & ALLEN

Suite 575
National City Center
1 N. Old State Capitol Plaza
P.O. Box 1687
Springfield, IL 62705-1687
Fax (217) 523-3902
(217) 522-8822