05415-P7839
TMP/ej

# IN THE UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| JUSTIN HERRICK, K-91865, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 06-3137 |
| ) | |
| DAVID FREEMAN, GREGORY SIMS, ) | |
| ADAM McDOWELL, GLENDA ) | |
| WORTLEY, DR. AHMED, DR. LOCHARD,) | |
| ) | |
| Defendants. ) | |

**MOTION FOR HIPAA QUALIFIED PROTECTIVE ORDER**

NOW COMES the Defendant, HUGHES LOCHARD, M.D., incorrectly referred to as Dr. Lockhart, by his attorney, THERESA M. POWELL of HEYL, ROYSTER, VOELKER & ALLEN, and moves the Court for the entry of a HIPAA Qualified Protective Order. In support thereof, Defendant states as follows:

1. Plaintiff has filed this cause of action in which the medical condition and treatment of Plaintiff, JUSTIN HERRICK, is in issue.

2. Pursuant to 45 C.F.R. 164.512 of the Health Insurance Portability and Accountability Act (HIPAA) an HIPAA Qualified Protective Order is necessary to allow the parties to this litigation to obtain and use protected health information pursuant to HIPAA for the purpose of this litigation while preventing unauthorized disclosure of said protected health information.

3. That the attached HIPAA Qualified Protective Order (Exhibit A) should be entered to protect the protected health information from authorized disclosure while still permitting its use solely for purposes of this litigation.

HEYL ROYSTER
VOELKER
& ALLEN

Suite 575
National City Center
1 N. Old State Capitol Plaza
P.O. Box 1687
Springfield, IL 62705-1687
Fax (217) 523-3902
(217) 522-8822

05415-P7839
TMP/ej

WHEREFORE, the Defendant, HUGHES LOCHARD, M.D., respectfully moves the Court to enter the attached HIPAA Qualified Protective Order (Exhibit A) and for such other relief as the Court deems necessary.

>Respectfully submitted,
>
>HUGHES LOCHARD, M.D., Defendant,
>
>HEYL, ROYSTER, VOELKER & ALLEN,
>Attorneys for Defendant,
>
>BY:   /s/Theresa M. Powell
>Theresa M. Powell, #6230402
>HEYL, ROYSTER, VOELKER & ALLEN
>Suite 575, National City Center
>P. O. Box 1687
>Springfield, IL  62705
>Phone: (217) 522-8822
>Fax:    (217) 523-3902
>E-mail:tpowell@hrva.com

HEYL ROYSTER
VOELKER
& ALLEN

Suite 575
National City Center
1 N. Old State Capitol Plaza
P.O. Box 1687
Springfield, IL 62705-1687
Fax (217) 523-3902
(217) 522-8822

05415-P7839
TMP/ej

# CERTIFICATE OF SERVICE

I hereby certify that on August 28, 2006, I electronically filed **Motion for HIPAA Qualified Protective Order** with the Clerk of Court using the CM/ECF system which will send notification of such filings(s) to the following:

>   Michael J. Costello
>   costello.M@sbcglobal.net

and I hereby certify that on August 28, 2006, I mailed by United States Postal Service, the document(s) to the following non-registered participants:

>   None

>   /s/Theresa M. Powell
>   Theresa M. Powell, #6230402
>   HEYL, ROYSTER, VOELKER & ALLEN
>   Suite 575, National City Center
>   P. O. Box 1687
>   Springfield, IL 62705
>   Phone: (217) 522-8822
>   Fax:    (217) 523-3902
>   E-mail:tpowell@hrva.com

HEYL ROYSTER
VOELKER
& ALLEN

Suite 575
National City Center
1 N. Old State Capitol Plaza
P.O. Box 1687
Springfield, IL 62705-1687
Fax (217) 523-3902
(217) 522-8822

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| JUSTIN HERRICK, K-91865, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 06-3137 |
| | ) |
| DAVID FREEMAN, GREGORY SIMS, | ) |
| ADAM McDOWELL, GLENDA | ) |
| WORTLEY, DR. AHMED, DR. LOCHARD,) | |
| | ) |
| Defendants. | ) |

**HIPAA QUALIFIED PROTECTIVE ORDER**

THIS CAUSE COMES ON TO BE HEARD on the Motion of the Defendant for a HIPAA Qualified Protective Order, the Court finds that good cause exists for the entry of a HIPAA Qualified Protective Order to prevent the unauthorized disclosure and direct the use of protected health information during the course of this litigation. Accordingly, IT IS HEREBY ORDERED:

1.     The Court orders that the Plaintiff's medical records shall be released to the attorneys of record in this litigation upon request of said attorneys. That attorney is Theresa M. Powell.

2.     This Order applies to any records produced by a covered entity as defined by 45 C.F.R. 160.103 which has received a request or subpoena for protected health information.

3.     During the course of this litigation, it may be necessary for the parties or their attorneys to disclose protected health information of the Plaintiff, as that term is defined under the Health Insurance Portability and Accountability Act (HIPAA) and the Federal Regulations enacted pursuant to said Act.

(a)     All protected health information disclosed by any of Plaintiff's healthcare providers shall be used for the sole purpose of preparing for or conducting

**EXHIBIT A**

    this litigation, including, but not limited to investigation, consultation, discovery, depositions, trial preparation, trial, appeal, resolution, mediation, or uses incidental to the proceeding in the case and shall not be disclosed or revealed to anyone not authorized by this Protective Order.

(b)  Protective health information pursuant to this HIPAA Qualified Order may include information related to sexually transmitted disease, genetic testing, HIV, behavioral or mental health services, and treatment for alcohol and drug abuse.

(c)  Protected health information may be disclosed without further notice by any covered entity or healthcare provider, party or parties' attorney, to:

  (1)  the parties themselves, parties' attorneys, experts, consultants, any witness or other person retained or called by the parties, treating physicians, other healthcare providers, insurance carriers, or other entities from whom damages, compensation, or indemnity is sought and any entity performing, monitoring, or adjustment activities on behalf of such insurance carrier or other entity and/or their employees, agents, or third-party administrators for any of the parties involved in litigation; in any proceeding for health oversight activities as permitted under 45 C.F.R. 164.512, court reporters, copy services, other similar vendors to the parties and their attorneys, as well as the professional and support staff of all of the above.

  (2)  The parties, and each entity governed by this Order shall either (a) destroy, or (b) return to the entity who originally produced it, all protected health information, including all copies made, provided, however, that said protected health information may be retained in the files of the entities listed in paragraph (1) above and may be destroyed pursuant to their regular file retention policies so long as the protected health information is maintained in a secure environment.

Entered this ____ day of _____, 2006.

                _____
                            Judge