IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JUSTIN HERRICK, K-91865, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 06-3137 |
| | ) | |
| DAVID FREEMAN, GREGORY SIMS, | ) | |
| ADAM McDOWELL, GLENDA | ) | |
| WORTLEY, DR. AHMED, DR. LOCHARD, | ) | |
| | ) | |
| Defendants. | ) | |

## HIPAA QUALIFIED PROTECTIVE ORDER

THIS CAUSE COMES ON TO BE HEARD on the Motion of the Defendant for a HIPAA Qualified Protective Order, the Court finds that good cause exists for the entry of a HIPAA Qualified Protective Order to prevent the unauthorized disclosure and direct the use of protected health information during the course of this litigation. Accordingly, IT IS HEREBY ORDERED:

1.     The Court orders that the Plaintiff's medical records shall be released to the attorneys of record in this litigation upon request of said attorneys. That attorney is Theresa M. Powell.

2.     This Order applies to any records produced by a covered entity as defined by 45 C.F.R. 160.103 which has received a request or subpoena for protected health information.

3.     During the course of this litigation, it may be necessary for the parties or their attorneys to disclose protected health information of the Plaintiff, as that term is defined under the Health Insurance Portability and Accountability Act (HIPAA) and the Federal Regulations enacted pursuant to said Act.

      (a)     All protected health information disclosed by any of Plaintiff's healthcare providers shall be used for the sole purpose of preparing for or conducting

      this litigation, including, but not limited to investigation, consultation, discovery, depositions, trial preparation, trial, appeal, resolution, mediation, or uses incidental to the proceeding in the case and shall not be disclosed or revealed to anyone not authorized by this Protective Order.

(b)     Protective health information pursuant to this HIPAA Qualified Order may include information related to sexually transmitted disease, genetic testing, HIV, behavioral or mental health services, and treatment for alcohol and drug abuse.

(c)     Protected health information may be disclosed without further notice by any covered entity or healthcare provider, party or parties' attorney, to:

    (1)     the parties themselves, parties' attorneys, experts, consultants, any witness or other person retained or called by the parties, treating physicians, other healthcare providers, insurance carriers, or other entities from whom damages, compensation, or indemnity is sought and any entity performing, monitoring, or adjustment activities on behalf of such insurance carrier or other entity and/or their employees, agents, or third-party administrators for any of the parties involved in litigation; in any proceeding for health oversight activities as permitted under 45 C.F.R. 164.512, court reporters, copy services, other similar vendors to the parties and their attorneys, as well as the professional and support staff of all of the above.

    (2)     The parties, and each entity governed by this Order shall either (a) destroy, or (b) return to the entity who originally produced it, all protected health information, including all copies made, provided, however, that said protected health information may be retained in the files of the entities listed in paragraph (1) above and may be destroyed pursuant to their regular file retention policies so long as the protected health information is maintained in a secure environment.

Entered this 18th day of September, 2006.

                                        s/ Harold A. Baker