E-FILED
Monday, 18 December, 2006 03:19:57 PM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

| | |
|---|---|
| JUSTIN HERRICK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | )   No. 06-3137 |
| | ) |
| DAVID FREEMAN, GREGORY SIMS, | ) |
| ADAM McDOWELL, GLENDA | ) |
| WORTLEY, DR. AHMED and DR. | ) |
| LOCKHART, | ) |
| | ) |
| Defendants. | ) |

### DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES
### TO PLAINTIFF'S COMPLAINT

NOW COME the Defendants, GREGORY SIMS, ADAM McDOWELL, DAVID FREEMAN, and GLENDA WORTLEY, by and through their attorney, Lisa Madigan, Attorney General of the State of Illinois, and hereby answer Plaintiff's Complaint as follows:

### BACKGROUND

Plaintiff, Justin Herrick, is an inmate in the custody of the Illinois Department of Corrections (the "Department") at Taylorville Correctional Center ("Taylorville"). On June 30, 2006, Plaintiff filed a 42 U.S.C. § 1983 suit, in which he alleges that the Defendants were deliberately indifferent to his medical needs. (Ct. Doc. #1.) Specifically, Plaintiff contends that he has sustained a permanent injury as a result of the Defendants' failure to effectively treat Plaintiff's serious knee injury.

### COUNT I
### (DELIBERATE INDIFFERENCE)

1.   Defendants admit that jurisdiction and venue are proper.

2.   Defendants admit that Plaintiff is an inmate in the custody of the Department and that Plaintiff was incarcerated at Taylorville on July 6, 2004, and for all times relevant to this Complaint.

3. Defendants admit that Defendant Freeman was employed as Warden at Taylorville until February 2004.

4. Defendants admit that Defendant Sims has been employed as Warden at Taylorville from February 2004, until the present.

5. Defendants admit the allegations contained in paragraph 5.

6. Defendants admit the allegations contained in paragraph 6.

7. Defendants deny the allegations contained in paragraph 7.

8. Defendants deny the allegations contained in paragraph 8.

9. Defendants admit that Plaintiff reported that he injured his right knee while playing soccer on July 1, 2003. Defendants admit that Plaintiff was referred to doctor sick call and was seen by Dr. Lochard on July 3, 2003. Defendants admit that x-rays were obtained on July 5, 2003, and that results were shared with Plaintiff on July 9, 2003. Defendants further admit that crutches were issued to Plaintiff and that Plaintiff returned the crutches on July 17, 2003. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 9.

10. Defendants admit that Plaintiff was seen by Dr. Lochard on July 9, 2003, July 24, 2003, and August 4, 2003. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 10.

11. Defendants deny the allegations contained in paragraph 11.

12. Defendants admit that Defendant Wortley referred Plaintiff to Dr. Lochard in April 2004. Defendants deny the remaining allegations contained in paragraph 12.

13. Defendants admit that Plaintiff was seen by Dr. Lochard on June 8, 2004. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 13.

14. Defendants admit that Plaintiff was seen by Dr. Lochard on July 2, 2004. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 14.

15. Defendants admit the allegations contained in paragraph 15.

16. Defendants admit that Plaintiff was approved for ACL repair surgery at Decatur Memorial Hospital in September 2004. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 16.

17. Defendants admit that Plaintiff was admitted to Decatur Memorial Hospital on September 10, 2004, and returned to Taylorville on September 12, 2004. Defendants admit that Plaintiff conferred with Dr. Trice on October 12, 2004. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 17.

18. Defendants admit that Plaintiff was seen by a therapist on November 9, 2004, and that Plaintiff was advised to begin exercises on his own. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 18.

19. Defendants admit that Plaintiff conferred with Dr. Trice on December 2, 2004. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 19.

20. Defendants admit that Plaintiff conferred with Dr. Trice on December 16, 2004. Defendants admit that a metal brace was not provided to Plaintiff because the metal could potentially be used as a weapon. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 20.

21. Defendants admit that the Taylorville Utilization Review consulted with Dr. Trice and supplied Plaintiff with a neoprene brace in February 2005, which was approved by Dr. Trice.

22. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 22.

23. Defendants admit that Plaintiff was seen by Dr. Ahmed on April 17, 2005. Defendants deny that they failed to provide Plaintiff with adequate medical treatment. Defendants lack sufficient knowledge to form a belief as to the truth of the remaining allegations contained in paragraph 23.

24. Defendants deny the allegations contained in paragraph 24.

25. Defendants deny the allegations contained in paragraph 25.

26. Defendants deny the allegations contained in paragraph 26.

27. Defendants deny the allegations contained in paragraph 27.

28. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 28.

29. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 29. Defendants deny all other allegations not specifically admitted.

## RELIEF REQUESTED

30. Defendants deny that Plaintiff is entitled to compensatory damages. Defendants deny that Plaintiff's constitutional rights were violated.

31. Defendants deny that Plaintiff has exhausted all administrative remedies.

32. Defendants deny that Plaintiff is entitled to any relief.

## COUNT II
### (PUNITIVE DAMAGES)

1-32. Defendants incorporate their answers to paragraphs 1-32 of Count I.

33.    Defendants deny that Plaintiff's constitutional rights were violated. Defendants deny that Plaintiff is entitled to punitive damages. Defendants deny that Plaintiff is entitled to any relief.

## AFFIRMATIVE DEFENSES

1.    At all times relevant to Plaintiff's claims, Defendants acted in good faith in the performance of their official duties and without violating Plaintiff's clearly established constitutional rights. Defendants are protected from liability by the doctrine of qualified immunity.

2.    Plaintiff's cause of action against Defendants in their official capacities is barred by the Eleventh Amendment.

3.    Plaintiff has failed to exhaust all administrative remedies.

4.    Defendants lack the requisite personal involvement for liability under 42 U.S.C. § 1983.

5.    Plaintiff cannot proceed against the Defendants on the theory of respondeat superior.

Respectfully submitted,

GREGORY SIMS, ADAM McDOWELL,
DAVID FREEMAN and GLENDA WORTLEY,

Defendants,

LISA MADIGAN, Attorney General,
State of Illinois,

Attorney for Defendants,

s/ Michael J. Lanzdorf
Michael J. Lanzdorf, #6286675
Attorney for Defendants
Assistant Attorney General
500 South Second Street
Springfield, IL   62706
Phone: (217) 782-9056
Fax: (217) 782-8767
E-Mail: mlanzdorf@atg.state.il.us

## CERTIFICATE OF SERVICE

I hereby certify that on December 18, 2006, I electronically filed Defendants' Answer and Affirmative Defenses to Plaintiff's Complaint, on behalf of Gregory Sims, Adam McDowell, David Freeman, and Glenda Wortley, with the Clerk of the Court using the CM/ECF system which will send notification of such filings to the following:

Michael J. Costello / Email: costello.M@sbcglobal.net
Theresa M. Powell / Email: tpowell@hrva.com

Respectfully submitted,

  s/   Michael Lanzdorf
Michael J. Lanzdorf,  #6286675
Attorney for Defendants
Assistant Attorney General
500 South Second Street
Springfield, IL   62706
Phone: (217) 782-9056
Fax: (217) 782 -8767
E-Mail: mlanzdorf@atg.state.il.us