IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD, ILLINOIS

| | |
|---|---|
| JUSTIN HERRICK, K91865, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | No.: 06-3137 |
| DAVID FREEMAN, GREGORY SIMS, ) | |
| ADAM McDOWELL, GLENDA ) | |
| WORTLEY, DR. AHMED, and ) | |
| DR. LOCHARD, ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFF'S RESPONSE TO DEFENDANT FREEMAN'S
MOTION FOR SUMMARY JUDGMENT**

NOW COMES the Plaintiff, JUSTIN HERRICK, by and through his counsel, Michael J. Costello, and for his Memorandum of Law in Support of his Response to Defendant Freeman's Motion for Summary Judgment pursuant to Federal Rules of Civil Procedure, Rule 56(b), respectfully states as follows:

**UNDISPUTED MATERIAL FACTS**

1. The Plaintiff, Justin Herrick, is an inmate in the custody of the Illinois Department of Corrections at Taylorville Correctional Center, "Taylorville".

2. On July 1, 2003 the Plaintiff injured his right knee playing soccer while incarcerated at "Taylorville". (Compl. ¶ 9)

3. Dr. Lochard ordered x-rays which were taken on July 5, 2003. (Compl.¶ 9)

4.     Dr. Lochard advised Plaintiff that it was arthritis and Ibuprofen and crutches were prescribed. (Compl. ¶ 9)

5.     The Plaintiff returned to see Dr. Lochard on July 9, 2003, July 24, 2003, August 4, 2003 and December 6, 2003 and complained of severe continued pain and swelling localized on the interior cruciate ligament "ACL" and the inner ligament "medial manicus". Ibuprofen was prescribed; however, the Plaintiff advised Dr. Lochard that the pain was not helped by Ibuprofen. (Compl. ¶ 10)

6.     In October, 2003 Plaintiff complained to Defendant Wortley about Dr. Lochard's refusal to schedule him for a specialist or an MAR because his knee was not responding to treatment (Compl. ¶ 11)

7.     Plaintiff was seen by Dr. Lochard again on December 26, 2003. (Def.'s Ex. A; Wortley Aff. ¶ 6)

8.     On April 12, 2004 Plaintiff conferred with Defendant Wortley complaining of Dr. Lochard's inaction. Wortley stated she was relying on the doctor's opinion, and since the Medical Review Committee was chaired by Dr. Lochard, she said to the Plaintiff that he never overruled his own decisions.

9.     On June 5, 2004 he was seen by Dr. Lochard. (Def.'s Ex. A; Wortley Aff. ¶ 9)

10.    On June 8, 2004, the Plaintiff again complained to Dr. Lochard about the failure of his knee to heal, continuing severe pain, the swelling and the pain at night, all of which prevented him from sleeping. (Compl. ¶ 13)

11.    Dr. Lochard requested Plaintiff's outside medical records and, on July 6, 2004, referred Plaintiff to Dr. Michael Trice for an outside consultation where an MRI upon Plaintiff was performed on July 15, 2004. (Compl.¶ 15)

12. Dr. Trice advised the Plaintiff that he had a torn ACL and possible meninisus damage whereupon on September 10, 2004, Plaintiff was admitted to Decatur Memorial Hospital for surgical repair of his interior cruciate ligament (ACL). (Compl. ¶ 16, 17; Def.'s Ex. A; Wortley Aff.).

13. Plaintiff returned to "Taylorville" on September 12, 2004 with a brace provided by the hospital and orders to perform range of motion ("ROM") exercises and physical therapy. (Compl. ¶ 17; Def.'s Ex. A; Wortley Aff. 10).

14. Plaintiff was allowed to use a stationary bike at "Taylorville" that was donated to the facility by Plaintiff's mother. (Def.'s Ex. A; Wortley Aff. 11)

15. On November 9, 2004, Plaintiff was seen by a therapist at Taylorville Correctional Center who recommended that he have therapy once a week for several weeks; however, the Plaintiff never saw the therapist again. (Compl. ¶ 18)

16. Plaintiff was allowed to confer with Dr. Trice on two separate occasions in December 2004 who fitted him for a ACL brace (Briggs Manufactured). (Compl. ¶ 19, 20)

17. On Plaintiff's second visit with Dr. Trice on December 16, 2004 who advised Plaintiff he could not use a Briggs ACL brace because it contained metal structures and Plaintiff was supplied with a neoprene brace. (Compl. ¶ 21; Def.'s Ex. A; Wortley Aff. 12)

18. In mid-February 2005, after corresponding with healthcare at "Taylorville" about his brace, he received a neoprene brace. (Compl. ¶ 21)

19. On March 11, 2005 the Plaintiff was to have a 26 week checkup with Dr. Trice which did not occur. (Compl. ¶ 22)

20. The Defendants refused to permit the Plaintiff to see Dr. Trice again. On April 17, 2005 Dr. Ahmed examined the Plaintiff's knee in a perfunctory manner and advised that it was alright. (Compl. ¶ 23)

21. On April 28, 2005, Plaintiff completed a grievance form complaining about the alleged negligence and deliberate indifference of Dr. Lochard and Defendant Wortley concerning Plaintiff's knee injury. (P. Ex. 1)

22. The Chief Administrator Officer's designee denied Plaintiff's grievance on May 12, 2005. (P. Ex. 1 and 2)

23. Defendant McDowell, a grievance officer at "Taylorville" investigated Plaintiff's claims and recommended denial of the grievance on May 5, 2005. (P. Ex. 1)

24. The Chief Administrative Officer's designee denied Plaintiff's grievance on May 12, 2005. (P. Ex. 1) and Plaintiff sought relief in the Court of Claims of the State of Illinois (P. Ex. 2)

25. Defendant Freeman served as Warden at "Taylorville" until February 2004. (Def.'s Ex. A, Freeman Aff. ¶ 1)

## ARGUMENT

### I.

### THE EVIDENCE REFLECTS THAT THE DEFENDANT WAS DELIBERATELY INDIFFERENT TO A KNOWN SERIOUS MEDICAL NEED OF THE PLAINTIFF.

At issue is whether there is a genuine issue of material fact on the claim against this Defendant which supports a reasonable inference of deliberate indifference on his part. First, to recover damages under the Federal Civil Rights Statute, the plaintiff must establish the defendants' personal responsibility for claimed deprivation of constitutional right. *Crowder v.*

*Lash*, 687 F.2d 996, 1005 (7th Cir., 1982). See also <u>Duncan v. Duckworth</u>, 644 F.2d 653, 655 (7th Cir., 1981). Second, however, a defendant's direct participation in the deprivation is not required. An official satisfies the personal responsibility of § 1983 if he acts or fails to act with a deliberate or reckless disregard of plaintiff's constitutional rights, or if the conduct causing the constitutional deprivation occurs at his direction or with his knowledge and consent. <u>Crowder, ibid.</u> at p. 1005. But actual knowledge that a pretrial detainee faced a substantial risk of serious harm, as must be shown in a § 1983 civil rights action alleging deliberate indifference to detainee's serious medical needs, can be inferred by the trier of fact from the obviousness of the risk. *Cole v. Fromn*, 96 F.3d. 254, 260 (7th Cir., 1996).

To hold Defendant culpable, he must violate the Eighth Amendment proscription against cruel and unusual punishment when his conduct demonstrates "deliberate indifference to serious medical needs of prisoners." *Estelle v. Gamble,* 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976). The standard articulated in *Estelle, ibid.*, "deliberate indifference to serious medical needs" – contains both an objective element and a subjective element. The subjective element requires that officials act with a "sufficiently culpable state of mind". *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S.Ct. 1970, 1997, 128 L.Ed.2d 811 (1994). The court illuminated the nature of deliberate indifference as follows:

> "We hold *** that a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of

serious harm exists, and he must also draw the inference." 511 U.S. 837, 114 S.Ct. 1979.

Finally, *Estelle, ibid.*, requires the court to distinguish between deliberate indifference to serious medical needs of prisoners and negligence in diagnosing or treating a medical condition. Only the former violates the cruel and unusual punishment of the Eighth Amendment. <u>Steele v. Choi</u>, 82 F.3d 175, 178 (7th Cir., 1996).

Of course medical malpractice does not become a constitutional violation merely because the victim is a prisoner. *Estelle, ibid.*, ¶ 429 U.S. 97, 106.

What is a serious medical need? A serious medical need is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the need for a doctor's attention. *Green v. Daley,* 414 Fed.3rd 645, 653 (7th Cir. 2005). Prison officials must act or fail to act despite their knowledge of a substantial risk of serious harm. *Jones v. Simek*, 193 Fed.3rd 485, 490 (7th Cir. 1999). A caveat is that if a prisoner is under the care of medical experts a non-medical prison official would generally be justified in believing that the prisoner is in capable hands. *Greeno, ibid.,* 414 Fed.3rd ¶ 656.

The Plaintiff has claimed that Defendant Freeman, as the former Warden of "Taylorville", instituted a policy, pattern and practice of delaying treatment for inmates under his care. The Plaintiff has alleged that Defendant Freeman was operating under color of state law as an individual and not in his official capacity. As the policy, pattern and practice of delaying treatments for inmates which the Plaintiff believes was still in full force and effect thereby at the time of the events complained herein, the Defendant is liable under § 1983. The Plaintiff has alleged that he was denied adequate follow up care, the use of a prescribed

brace due to a clerical decision and the appropriate rehabilitation therapy, all of which resulted from the policy, pattern and practice of delaying treatment for inmates which continued after he was no longer Warden of "Taylorville". The Motion for Summary Judgment at this time should be denied.

## II.

### PERSONAL INVOLVEMENT AND QUALIFIED IMMUNITY

At issue is whether or not the Defendant is entitled to qualified immunity and because he has no personal involvement which affords him protection under the qualified immunity doctrine.

Qualified immunity is a doctrine wherein Government officials performing discretionary functions generally are shielded from liability from civil damages if their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 817, 102 S.Ct. 2727 (1982) (an action involving excessive force under the Fourth Amendment). In determining whether a constitutional right is "clearly established" as required for a plaintiff to defeat a government official's claim of qualified immunity in a civil rights action, the relevant, dispositive inquiry is whether it would be clear to a reasonable official that his conduct was unlawful in the situation he confronted. *Saucier v. Katz*, 533 U.S. 194, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001) To determine if an official is entitled to qualified immunity, a two part inquiry is required; (1) whether a constitutional right would have been violated on the facts alleged, and (2) whether the right alleged to have been violated was clearly established. The

second prong examination is viewed in light of the specific context of the particularized facts and not as a broad general proposition. *Saucier, ibid*.

Of course the privilege of qualified immunity is an immunity from suit rather than a mere defense for liability; however, an official who makes a reasonable mistake as to what the law requires is entitled to the defense of qualified immunity. *Saucier, ibid.*

There is no question that the Defendant should be denied qualified immunity because there is no reasonable mistake as to the requirements of the Eighth Amendment regarding those whom the Government is punishing by incarceration. A constitutional right has been clearly established by the Plaintiff and this right has been violated. The Plaintiff has alleged that he was denied adequate follow up care, denied the use of a prescribed brace due to a clerical decision, and denied the appropriate rehabilitation physical therapy which the Plaintiff believes was a policy and practice instituted by the Defendant. The Defendant is personally involved because Plaintiff believes he established the practice. The Plaintiff has established a deliberate indifference to a serious known medical need.

### III.

### THE PLAINTIFF HAS EXHAUSTED HIS ADMINISTRATIVE REMEDIES

At issue is whether the Plaintiff has exhausted his administrative remedies.

The Prison Litigation Reform Act of 1995 ("PLRA") provides that no action shall be brought with respect to prison conditions under § 1983 unless such administrative remedies as are available are exhausted. 42 U.S.C. § 1997 (e)(a) (1996) The Illinois Department of Corrections Administrative Grievance System is set out in the Illinois Administrative Code (20 § 504.810-850 (2003). Inmates must follow these procedures. If the inmate does not

believe the condition is resolved, he may appeal in writing to the Director within thirty days after the date of the decision § 504.850(a). The Administrative Review Board reviews the appeal of the grievance and determines whether or not a hearing is necessary. § 504.850(b)(4)

The Defendant claims the Plaintiff did not appeal the denial of his grievance to the Director. An inmate cannot enter Federal Court and until such time he exhausts the prison grievance process. *McCoy v. Gilbert*, 270 Fed.3rd 503, 510 (7th Cir. 2001). However, the Plaintiff respectfully claims that he has exhausted his administrative remedies as shown by Plaintiffs Exhibits 1 and 2. Therefore summary judgment should not be granted based upon the failure of the Plaintiff to exhaust his administrative remedies.

### IV.

### PLAINTIFF'S COMPLAINT IS NOT BARRED BY SOVEREIGN IMMUNITY NOR IS IT BARRED BY THE STATUTE OF LIMITATIONS

At issue is whether the Plaintiff's Complaint is barred by the doctrine of sovereign immunity or is barred by the statute of limitations.

The Plaintiff has brought suit against the Defendant for a policy and pattern in effect at the time of the events complained herein because he was denied adequate follow up care, denied the use of a prescribed brace due to a clerical decision, and denied the appropriate rehabilitation physical therapy resulting from the policy and practice instituted by the Defendant. The Defendant's surgery occurred on September 10, 2004 and suit was instituted on June 30, 2006. The suit is not barred by the statute of limitations.

Regarding the issue of the Defendant having immunity from suit because he was sued in his official capacity, the Plaintiff has alleged that Defendant Freeman was operating under

9

color of state law in his individual capacity when his practice and patterns were instituted. Therefore this is a proper suit under § 1983 and is not barred by sovereign immunity.

    WHEREFORE, the Plaintiff, JUSTIN HERRICK, moves that Summary Judgment be denied.

                              RESPECTFULLY SUBMITTED,

                              JUSTIN HERRICK, Defendant

                              <u>s/ Michael J. Costello</u>
                              Michael J. Costello Bar Number 522627
                              Attorney for the Plaintiff
                              Costello Law Office
                              820 South Second Street
                              First Floor
                              Springfield, Illinois 62704
                              Telephone No.: (217) 544-5500
                              costello.m@sbcglobal.net

**CERTIFICATE OF SERVICE**

      The undersigned does hereby certify that the foregoing document was served on the following by electronic filing and by enclosing same in an envelope addressed as shown and by depositing said envelope in the United States Mail in Springfield, Illinois on this 30th day of January, 2007.

Theresa M. Powell
Heyl, Royster, Voelker & Allen
Suite 575, National City Center
1 N. Old State Capitol Plaza
P.O. Box 1687
Springfield, IL 62705-1687

Michael J. Lanzdorf
Assistant Attorney General
400 South Second Street
Springfield, IL  62706

                                              s/ Michael J. Costello
                                              _____

Michael J. Costello
Attorney at Law
820 South Second Street
First floor
Springfield, Illinois 62704
Telephone No.:  (217) 544-5500
ARDC No.:  522627