UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| JUSTIN HERRICK, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DAVID FREEMAN et al., )<br>)<br>Defendants. )<br>)<br>)<br>)<br>) | No. 06-3137 |

### Order Granting Summary Judgment for Failure to Exhaust

Before the Court are summary judgment motions by Defendants McDowell, Sims, Wortley and Freeman (d/e's 16, 18, 24). Among other grounds, these defendants move for summary judgment on the grounds that Plaintiff failed to exhaust his available administrative remedies before filing this lawsuit. For the reasons below, the Court concludes that Plaintiff failed to exhaust his administrative remedies. Accordingly, summary judgment must be granted to all the defendants and this case dismissed without prejudice.

### Summary Judgment Standard

A party moving for summary judgment must show, from the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, . . ." that there is no genuine issue of material fact and that the "moving party is entitled to judgment as a matter of law. *Outlaw v. Newkirk*, 259 F.3d 833, 837 (7th Cir. 2001), *citing Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)*;*Fed. R. Civ. P.56©. This burden can be satisfied by "'showing'–that is, pointing out to the district court–that there is an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325. If such a showing is made, the burden shifts to the non-movant to "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); *Outlaw*, 259 F.3d at 837. A nonmoving party cannot rest on its pleadings, but must demonstrate that there is admissible evidence that will support its position. *Tolle v. Carroll Touch, Inc.,* 23 F.3d 174, 178 (7th Cir. 1994).

In determining whether factual issues exist, the court views all the evidence in the light most favorable to the non-moving party. *Beraha v. Baxter Health Corp.*, 956 F.2d 1436, 1440 (7th Cir. 1992). However, Rule 56© "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

*Undisputed Facts*

Except for Fact #25, Plaintiff's undisputed facts are adopted essentially verbatim below, for purposes of this order only.

1. The Plaintiff, Justin Herrick, is an inmate in the custody of the Illinois Department of Corrections at Taylorville Correctional Center during all times relevant.

2. On July 1, 2003 the Plaintiff injured his right knee playing soccer while incarcerated in Taylorville.

3. Dr. Lochard ordered x-rays which were taken on July 5, 2003. (Compl.¶ 9)

4. Dr. Lochard advised Plaintiff that it was arthritis and Ibuprofen and crutches were prescribed. (Compl. ¶ 9)

5. The Plaintiff returned to see Dr. Lochard on July 9, 2003, July 24, 2003, August 4, 2003 and December 6, 2003 and complained of severe continued pain and swelling localized on the interior cruciate ligament "ACL" and the inner ligament "medial meniscus". Ibuprofen was prescribed; however, the Plaintiff advised Dr. Lochard that the pain was not helped by Ibuprofen. (Compl. ¶ 10)

6. In October, 2003 Plaintiff complained to Defendant Wortley about Dr. Lochard's refusal to schedule him for a specialist or an MRI because his knee was not responding to treatment (Compl. ¶ 11)

7. Plaintiff was seen by Dr. Lochard again on December 26, 2003. (Def.'s Ex. A; Wortley Aff. ¶ 6)

8. On April 12, 2004 Plaintiff conferred with Defendant Wortley complaining of Dr. Lochard's inaction. Wortley stated she was relying on the doctor's opinion, and since the Medical Review Committee was chaired by Dr. Lochard, she said to the Plaintiff that he never overruled his own decisions.

9. On June 5, 2004 he was seen by Dr. Lochard. (Def.'s Ex. A; Wortley Aff. ¶ 9)

10. On June 8, 2004, the Plaintiff again complained to Dr. Lochard about the failure of his knee to heal, continuing severe pain, the swelling and the pain at night, all of which prevented him from sleeping. (Compl. ¶ 13)

11. Dr. Lochard requested Plaintiff's outside medical records and, on July 6, 2004, referred Plaintiff to Dr. Michael Trice for an outside consultation where an MRI upon Plaintiff was performed on July 15, 2004. (Compl.¶ 15)

12. Dr. Trice advised the Plaintiff that he had a torn ACL and possible meniscus damage whereupon on September 10, 2004, Plaintiff was admitted to Decatur Memorial Hospital

for surgical repair of his interior cruciate ligament (ACL). (Compl. ¶ 16, 17; Def.'s Ex. A; Wortley Aff.)
.
13. Plaintiff returned to Taylorville on September 12, 2004 with a brace provided by the hospital and orders to perform range of motion ("ROM") exercises and physical therapy. (Compl. ¶ 17; Def.'s Ex. A; Wortley Aff. 10).

14. Plaintiff was allowed to use a stationary bike at Taylorville that was donated to the facility by Plaintiff's mother. (Def.'s Ex. A; Wortley Aff. 11)

15. On November 9, 2004, Plaintiff was seen by a therapist at Taylorville Correctional Center who recommended that he have therapy once a week for several weeks; however, the Plaintiff never saw the therapist again. (Compl. ¶ 18).

16. Plaintiff was allowed to confer with Dr. Trice on two separate occasions in December 2004 who fitted him for a ACL brace (Briggs Manufactured). (Compl. ¶ 19, 20)

17. On Plaintiff's second visit with Dr. Trice on December 16, 2004 who advised Plaintiff he could not use a Briggs ACL brace because it contained metal structures and Plaintiff was supplied with a neoprene brace. (Compl. ¶ 21; Def.'s Ex. A; Wortley Aff. 12)

18. In mid-February 2005, after corresponding with healthcare at Taylorville about his brace, he received a neoprene brace. (Compl. ¶ 21)

19. On March 11, 2005 the Plaintiff was to have a 26 week checkup with Dr. Trice which did not occur. (Compl. ¶ 22)

20. The Defendants refused to permit the Plaintiff to see Dr. Trice again. On April 17, 2005 Dr. Ahmed examined the Plaintiff's knee in a perfunctory manner and advised that it was alright. (Compl. ¶ 23)

21. On April 28, 2005, Plaintiff completed a grievance form complaining about the alleged negligence and deliberate indifference of Dr. Lochard and Defendant Wortley concerning Plaintiff's knee injury. (P. Ex. 1)

22. The Chief Administrator Officer's designee denied Plaintiff's grievance on May 12, 2005. (P. Ex. 1 and 2)

23. Defendant McDowell, a grievance officer at "Taylorville" investigated Plaintiff's claims and recommended denial of the grievance on May 5, 2005. (P. Ex. 1)

24. The Chief Administrative Officer's designee denied Plaintiff's grievance on May 12, 2005.

25. Plaintiff does not dispute Defendants' assertion that he did not appeal the decision of the Chief Administrative Officer's designee to the Administrative Review Board. The grievance

is blank in the area for making the appeal, and the defendants have submitted an affidavit that there is no record of appeal to the Administrative Review Board. Plaintiff does assert that he filed in the Court of Claims.

*Analysis*

42 U.S.C. § 1997e(a) states that "[n]o action shall be brought with respect to prison conditions . . . by a prisoner . . . until such administrative remedies as are available are exhausted." To exhaust available administrative remedies, the prisoner must timely taking each step in the administrative process established by state procedures. *Woodford v. Ngo*, 126 S.Ct. 2378 (2006); *Pozo v. McCaughtry*, 286 F.3d 1022 (7th Cir. 2002); *Ford v. Johnson*, 362 F.3d 395, 397 (7th Cir.2001)(prisoner "must take all steps prescribed by the prison's grievance system.").

20 Ill. Adm. Code 504.800 *et seq.* describes the grievance system for IDOC prisons. First, an inmate tries to resolve the problem through his counselor. If not satisfied with the counselor's response, the prisoner then files a written grievance with the grievance officer. 20 Ill. Adm. Code 504.810. The grievance officer reports his or her findings and recommendations to the Chief Administrative Officer (the warden or the warden's designee), and the CAO advises the prisoner of his or her decision. Ill. Admin. Code 504.830. The last step, if the prisoner is not satisfied with the CAO's response, is appeal to the Director of the IDOC. On appeal, the Administrative Review Board makes findings and recommendations, and the Director (or the Director's designee) makes the final determination. 20 Ill. Adm. Code 504.850; 20 Ill. Admin. Code 504.805.

The Seventh Circuit:

> has taken a strict compliance approach to exhaustion. A prisoner must properly use the prison's grievance process. If he or she fails to do so, the prison administrative authority can refuse to hear the case, and the prisoner's claim can be indefinitely unexhausted.

*Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). The Seventh Circuit has held that failure to timely appeal amounts to failure to exhaust available administrative remedies. *Pozo*, 286 F.3d at 1025. Filing in the court of claims does not exhaust the available administrative remedies in the prison grievance system.

Plaintiff does not dispute that he did not appeal the Chief Administrative Officer's decision (made by a designee) to the Administrative Review Board, a required step in exhausting administrative remedies. Accordingly, summary judgment must therefore be granted on grounds of exhaustion, without reaching the merits of the case. *Pozo*, 286 F.3d at 1025. ("a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require. [The plaintiff] filed a timely and sufficient complaint but did not file a timely appeal. He therefore failed to exhaust his administrative remedies, and his federal suit must be dismissed.").

IT IS THEREFORE ORDERED:

1) The motion for summary judgment filed by Defendants Sims, McDowell and Wortley

is granted insofar as it seeks dismissal for failure to exhaust available administrative remedies. (d/e 18).

2) This case is dismissed in its entirety, without prejudice, for failure to exhaust administrative remedies as required by 42 U.S.C. Section 1997e(a).

3) All other pending motions are denied as moot (d/e's 16, 24). This case is closed, parties to bear their own costs.

Entered this 29th Day of June, 2007.

s/Harold A. Baker

HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE