E-FILED
Friday, 20 July, 2007  03:27:36 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| JUSTIN HERRICK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | No. 06-3137 |
| ) | |
| DAVID FREEMAN, GREGORY SIMS, ) | |
| ADAM McDOWELL, GLENDA ) | |
| WORTLEY, DR. AHMED and DR. ) | |
| LOCKHART, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR RECONSIDERATION AND MOTION TO VACATE SUMMARY JUDGMENT ENTERED AS TO CERTAIN DEFENDANTS AND DISMISSAL AS TO ALL DEFENDANTS OF THE CAUSE WITHOUT PREJUDICE**

NOW COME the Defendants, DAVID FREEMAN, GREGORY SIMS, ADAM McDOWELL, and GLENDA WORTLEY, by and through their attorney, Lisa Madigan, Attorney General for the State of Illinois, and hereby submit their Response to Plaintiff's Motion for Reconsideration and Motion to Vacate Summary Judgment Entered as to Certain Defendants and Dismissal as to All Defendants of the Cause Without Prejudice. In support thereof, Defendants state as follows:

1. The Court entered judgment in this cause on June 29, 2007. (Ct. Doc. # 44.)

2. The Court granted summary judgment in favor of Defendants due to Plaintiff's failure to exhaust available administrative remedies and the case was dismissed without prejudice. (Ct. Doc. # 43.)

3. On July 9, 2007, Plaintiff filed a Motion for Reconsideration and Motion to Vacate Summary Judgment Entered as to Certain Defendants and Dismissal as to All

Defendants of the Cause Without Prejudice ("Motion for Reconsideration"). Plaintiff does not dispute that he did not submit any grievances in accordance with the final appeal to the Director of the Illinois Department of Corrections (the "Department"). (Ct. Doc. # 45.) However, along with Plaintiff's Supplement to his Motion for Reconsideration, Plaintiff attached a Return of Grievance or Correspondence from the Administrative Review Board ("ARB"), dated June 20, 2005, which further shows that Plaintiff did not appeal any grievances in accordance with Departmental Rule 504. (Ct. Doc. # 46, Attachment 1.)

4. The Prison Litigation Reform Act ("PLRA") exhaustion requirement requires proper exhaustion. Woodford v. Ngo, 126 S.Ct. 2378, 2387 (2006). Therefore, a prisoner must complete the administrative review process according to applicable procedural rules as a precondition to bringing suit in federal court. Id.; see also Pozo v. McCaughtry, 286 F.3d 1022, 1025 (7th Cir. 2002) ("To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require"), cert. denied, 537 U.S. 949 (2002). Exhaustion is not left to the discretion of the district court, but instead is mandatory. Woodford, 126 S.Ct. at 2382.

5. The Department's administrative grievance system is set out in the Illinois Administrative Code (the "Code"). See Ill. Admin. Code tit. 20, § 504.810-850 (2003). In relevant part, inmates must file a grievance within 60 days after the discovery of the incident, occurrence, or problem that gives rise to the grievance. § 504.810(a).

6. According to the documentation attached to Plaintiff's Supplement to his Motion to Reconsider, the ARB did not review Plaintiff's initial grievance because it was not submitted in the time frame required by Departmental Rules. (Ct. Doc. # 46, Attachment

1.)¹   Moreover, it appears that Plaintiff failed to provide any justification for additional consideration to the ARB prior to bringing this suit.  The Code provides that "if an offender can demonstrate that a grievance was not timely filed for good cause, the grievance shall be considered."  §504.810(a).  Plaintiff presents no evidence that any named Defendant was responsible for Plaintiff's failure to follow the administrative grievance system.  The ARB's determination that Plaintiff did not file his grievance in accordance with the Code is consistent with the Seventh Circuit's strict compliance approach to exhaustion.  See Dole v. Chandler, 438 F.3d 804, 809 (7th Cir. 2006).  Accordingly, Plaintiff failed to complete the administrative review process according to applicable procedural rules and dismissal of Plaintiff's lawsuit was appropriate.

7.   The Court denied all other pending motions (Ct. Doc. #16, 24) as moot.  (Ct. Doc. # 43.)  Therefore, to the extent the Court reconsiders dismissal of Plaintiff's lawsuit for failure to exhaust available administrative remedies, Defendants restate and direct the Court's attention to the following arguments: (i) there is insufficient evidence to show that Defendants were deliberately indifferent to Plaintiff's serious medical needs; (ii) Plaintiff has failed to show the personal involvement of Defendant Sims in the alleged violation of Plaintiff's Eighth Amendment rights; (iii) Plaintiff's Complaint is barred by the statute of limitations as it relates to Defendant Freeman; (iv) Plaintiff's claim against Defendant

---

¹ The Memorandum in Support of Defendants' Amended Motion for Summary Judgment states that, "[t]he Defendants do not dispute that Plaintiff filed a timely and sufficient grievance."  (Defs.' Am. Mot. for Summ. J., at 3.)  Defendants' statement concerning the timeliness and sufficiency of Plaintiff's grievance was in error. Defendants do not have direct access to ARB records and were previously unaware that the ARB had deemed Plaintiff's grievance as untimely.  The fact remains that Plaintiff did not submit his grievance until nearly 11 months after he injured his knee in prison and more than 7 months after Plaintiff had already undergone surgery on his knee. (Wortley Aff., ¶ 5, 10.)

Freeman is barred by sovereign immunity; (iii) Defendants are entitled to qualified immunity because the law did not put them on notice that their conduct would be clearly unlawful. (Ct. Doc. # 19, 25.)

WHEREFORE, for the above and foregoing reasons, Defendants respectfully request this Honorable court deny Plaintiff's Motion for Reconsideration and Motion to Vacate Summary Judgment Entered as to Certain Defendants and Dismissal as to All Defendants of the Cause Without Prejudice.

    Respectfully submitted,

    DAVID FREEMAN, GREGORY SIMS,
    ADAM McDOWELL, and GLENDA WORTLEY,

        Defendants,

    LISA MADIGAN, Attorney General,
    State of Illinois,

        Attorney for Defendants,

     s/ Michael J. Lanzdorf
    Michael J. Lanzdorf, #6286675
    Attorney for Defendants
    Assistant Attorney General
    500 South Second Street
    Springfield, IL  62706
    Phone: (217) 782-9056
    Fax: (217) 782 -8767
    E-Mail: mlanzdorf@atg.state.il.us

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**SPRINGFIELD DIVISION**

| | |
|---|---|
| JUSTIN HERRICK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | )    No. 06-3137 |
| | ) |
| DAVID FREEMAN, GREGORY SIMS, ADAM McDOWELL, GLENDA WORTLEY, DR. AHMED and DR. LOCKHART, | ) |
| | ) |
| Defendants. | ) |

**CERTIFICATE OF SERVICE**

I hereby certify that on July 20, 2007, I electronically filed Defendants' Response to Plaintiff's Motion for Reconsideration and Motion to Vacate Summary Judgment Entered as to Certain Defendants and Dismissal as to All Defendants of the Cause Without Prejudice, with the Clerk of the Court using the CM/ECF system which will send notification of such filings to the following:

Michael J. Costello / Email: costello.M@sbcglobal.net
Theresa M. Powell / Email: tpowell@hrva.com

Respectfully submitted,

   s/   Michael Lanzdorf
Michael J. Lanzdorf,  #6286675
Attorney for Defendants
Assistant Attorney General
500 South Second Street
Springfield, IL   62706
Phone: (217) 782-9056
Fax: (217) 782 -8767
E-Mail: mlanzdorf@atg.state.il.us