E-FILED
Wednesday, 25 July, 2007 02:00:52 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD, ILLINOIS

| | |
|---|---|
| JUSTIN HERRICK, K91865, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | No.: 06-3137 |
| DAVID FREEMAN, GREGORY SIMS, ) | |
| ADAM McDOWELL, GLENDA ) | |
| WORTLEY, DR. AHMED, and ) | |
| DR. LOCHARD, ) | |
| ) | |
| Defendants. ) | |

**MOTION TO SUPPLEMENT MOTION FOR RECONSIDERATION AND MOTION TO VACATE SUMMARY JUDGMENT ENTERED AS TO CERTAIN DEFENDANTS AND DISMISSAL AS TO ALL DEFENDANTS OF THE CAUSE WITHOUT PREJUDICE**

NOW COMES the Plaintiff, JUSTIN HERRICK, by and through his counsel, Michael J. Costello, and for his Motion to Supplement Motion for Reconsideration and Motion to Vacate Summary Judgment Entered as to Certain Defendants and Dismissal as to all Defendants of the Cause Without Prejudice, respectfully states as follows:

1. The Plaintiff has filed a Motion for Reconsideration and Motion to Vacate Summary Judgment Entered as to Certain Defendants and Dismissal as to all Defendants of the Cause Without Prejudice in term.

2. Because the Plaintiff is incarcerated, his Affidavit could not be incorporated into said Motion under the time constraints.

3. The Plaintiff disputes the basis for summary judgment and dismissal in that the Plaintiff did not exhaust his administrative remedies.

4. The Plaintiff attaches hereto his Declaration (Affidavit) which is expressly incorporated herein as though set forth in full as in *haec verba*.

5. The Plaintiff claims and alleges that he did file a grievance following the denial of the Chief Administrative Officer's designee. It was mailed to the Administrative Review Board. (Para. 4 of Plaintiff's Affidavit).

6. The Administrative Review Board responded to his appeal on June 20, 2005. (Para. 5 of Plaintiff's Affidavit).

7. The Plaintiff moves for leave of Court to supplement his Motion for Reconsideration of the Summary Judgment, Vacate the Judgment and Dismissal of all Defendants with his Affidavit.

WHEREFORE, the Plaintiff, JUSTIN HERRICK, moves that this Motion to Supplement be allowed.

JUSTIN HERRICK, Defendant

s/ Michael J. Costello
Michael J. Costello Bar Number 522627
Attorney for the Plaintiff
Costello Law Office
820 South Second Street
First Floor
Springfield, Illinois 62704
Telephone No.: (217) 544-5500
costello.m@sbcglobal.net

**CERTIFICATE OF SERVICE**

      The undersigned does hereby certify that the foregoing document was served on the following by electronic filing with the Clerk of the Court using the CM/ECF system this 25th day of July, 2007.

Theresa M. Powell
Heyl, Royster, Voelker & Allen
Suite 575, National City Center
1 N. Old State Capitol Plaza
P.O. Box 1687
Springfield, IL 62705-1687


Michael J. Lanzdorf
Assistant Attorney General
400 South Second Street
Springfield, IL  62706

                                            s/ Michael J. Costello
                                            _____


Michael J. Costello
Attorney at Law
820 South Second Street
First floor
Springfield, Illinois 62704
Telephone No.:  (217) 544-5500
ARDC No.:  522627

STATE OF ILLINOIS    )
                     ) SS
COUNTY OF CHRISTIANSON )

## DECLARATION OF JUSTIN HERRICK UNDER THE PENALTY OF PERJURY

I, Justin Herrick, pursuant to 28 U.S.C. Section 1746, hereby declare under penalty of perjury that the below statements are true and correct:

1) That I am the plaintiff in the cause, and make this declaration in support of the "Motion for Reconsideration and Motion to Vacate Summary Judgment Entered as to Certain Defendants and Dismissal as to all Defendants of the Cause Without Prejudice by Plaintiff Justin Herrick." The motion was electronically filed by my attorney Michael J. Costello on July 9, 2007.

2) That in the Defendants Memorandum of Law in Support of their Motion for Summary Judgment, it is quoted at page 6, "Plaintiff failed to exhaust his administrative remedies because he did not appeal the denial of his grievance prior to bringing suit. The Defendants do not dispute that Plaintiff filed a timely and sufficient grievance."

(1)

3) In the Court's Order granting Summary Judgement for Failure to Exhaust, at page 3, paragraph 25, the Court stated: "The Plaintiff does not dispute Defendants' assertion that he did not appeal the decision of the Chief Administrative Officer's designee to the Administrative Review Board. The grievance is blank in the area for making the appeal, and the defendants have submitted an affidavit that there is no record of appeal to the Administrative Review Board."

4) Contrary to the Defendant's assertion that I did not appeal the decision to the Administrative Review Board, I in fact did appeal. Specifically, following the denial of the Chief Administrative Officer's designee, I mailed the grievance to the Administrative Review Board, along with the Grievance Officer's Report (See Defendant's Motion for Summary Judgment Exhibit B). The Court correctly observed that the grievance is blank in the area for making the appeal, however that is because I forgot to sign the document. But, I still mailed the grievance to the Administrative Review Board within the 30-day limit to file the administrative appeal.

5) That even though I forgot to sign my appeal, the Administrative Review Board responded to my appeal on June 20, 2005. (See "Administrative Review Board Return of Grievance or Correspondence" attached hereto as Declaration Exhibit 1)

(2)

6) That this document conclusivly shows that, (1) the Administrative Review Board received my grievance appeal on May 19, 2005 [which was only 7 days after the Chief Administrative Officer's designee denied the grievance]; (2) the grievance appeal was regarding my "knee"; (3) that the local grievance number 6345 is the same number on the Grievance Officer's Report (Def.'s Mot. for Sum. Judg. Ex. B); (4) the Administrative Review Board elected not to address the merits of the appeal stating "You filed grievance over 60 days late from alleged incident 2003/2004 issues"; (5) That the document appears to be signed by a person named "Benton" or "Bentor"; (6) the document was sent to me as the "Offender" and a copy to the Office of "Inmate Issues."

7) That I made every effort possible to appeal the grievance to the highest level I could. It is through no fault of my own that the Administrative Review Board elected not to hear the appeal claiming it was not timely, yet later in their motion for summary judgment conceded it was timely.

8) I am willing to testify to these facts if called on to do so.

I hereby declare under penalty of perjury that the foregoing statements are true and correct

Dated 7/14/07

Justin Merrick

(3)