IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD, ILLINOIS

| | |
|---|---|
| JUSTIN HERRICK, K91865, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) No.: 06-3137 |
| DAVID FREEMAN, GREGORY SIMS, | ) |
| ADAM McDOWELL, GLENDA | ) |
| WORTLEY, DR. AHMED, and | ) |
| DR. LOCHARD, | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR RECONSIDERATION AND MOTION TO VACATE SUMMARY JUDGMENT ENTERED AS TO CERTAIN DEFENDANTS AND DISMISSAL AS TO ALL DEFENDANTS OF THE CAUSE WITHOUT PREJUDICE**

NOW COMES the Plaintiff, JUSTIN HERRICK, by and through his counsel, Michael J. Costello, and for his Reply to Defendant's Response to Plaintiff's Motion for Reconsideration and Motion to Vacate Summary Judgment Entered as to Certain Defendants and Dismissal as to all Defendants of the Cause Without Prejudice, respectfully states as follows:

**ISSUE**

**WHETHER THE PLAINTIFF TIMELY FILED HIS GRIEVANCE TO COMPLY WITH THE DOCTRINE OF "EXHAUSTION OF REMEDIES".**

**BACKGROUND**

1.  At issue is whether the Plaintiff timely filed his grievance to comply

with the doctrine of "Exhaustion of Remedies". All parties agree that the Plaintiff filed a grievance. The Plaintiff claims that the grievance was timely filed. The appeal for review to the ARB was denied because the grievance was not submitted in the timeframe requirement by departmental rules. (Ct. Doc. #46, attachment 1)

2.     The department's administrative grievance system is set out in the Illinois Administrative Code. See Ill.Admin. Code tit. 20, § 504.810-850 (203). In relevant part, inmates must file a grievance within 60 days after the discovery of the incident, occurrence or problem that gives rise to the grievance. (§ 504.810(a))

3.     The record reflects that the ARB did not review Plaintiff's initial grievance because it was not submitted in the timeframe required by Departmental Rules (Ct. Doc. #46).

4.     The code additionally provides that "if an offender can demonstrate that a grievance was not timely filed for good cause, the grievance shall be considered" (§ 504.810(a)). The Defendants argue that the Plaintiff presents no evidence that any named Defendant was responsible for Plaintiff's failure to follow the administrative grievance system. The Plaintiff disputes this because he filed his grievance timely and was never advised by any Defendant that if his grievance was untimely that he could demonstrate that the grievance was not timely filed for good cause. There is no evidence in the record that § 504.810(a) was brought to the Plaintiff's attention. Regardless, the Plaintiff claims his grievance was timely filed and he complied with all

procedures required under the Prison Litigation Reform Act (PLRA) and the Administrative Code of Illinois governing inmates' grievances.

5. Although the Defendants initially denied that any grievance was of record and filed an affidavit to said effect, and they now concede that a grievance was filed and denied by the ARB. They suggest that the grievance was untimely because the Plaintiff did not submit his grievance until nearly 11 months after he injured his knee in prison and more than 7 months after the Plaintiff had undergone surgery on his knee.

6. This argument begs the question. The grievance was timely filed because the grievance is dated April 28, 2005 complaining of the ongoing indifference to a serious medical need of the Plaintiff which the last event of which the Plaintiff complains was well within the 60 days of the ongoing indifference.

## ARGUMENT

7. Under the Prison Litigation Reform Act (PLRA) prisoners must exhaust all "available" remedies not just those that meet federal standards. An inmate's appeal may be rejected where "(T)ime limits for submitting the appeal are exceeded and the appellant had the opportunity to file within the prescribed time constraints." *Woodford v. Ngo* (126 S.Ct. 2378, 165 L.Ed.2d 368 (2006)).

8. "Failure to exhaust" is an affirmative defense that the Defendants have the burden of pleading and proving. *Walker v. Thompson*, 288 Fed.3d 1005, 1009 (7th Cir. 2002). The Defendants have not pled any affirmative defense of "failure to exhaust" and the Plaintiff suggests that this affirmative defense has been waived by the

Defendants.  However as the defense is now before the court, the court should address the central question, did the Plaintiff comply with the administrative rules or not.

      9.      The Plaintiff based upon the aforesaid claims that his grievance was timely filed, that he appealed timely to the ARB which suggests that the court reconsider and vacate the summary judgment entered as to certain Defendants and dismissal as to all Defendants of this cause without prejudice.  The Plaintiff had "exhausted" his remedy pursuant to the Illinois Administrative Code.

    RESPECTFULLY SUBMITTED,

    JUSTIN HERRICK, Plaintiff

    s/ Michael J. Costello
    Michael J. Costello Bar Number 522627
    Attorney for the Plaintiff
    Costello Law Office
    820 South Second Street
    First Floor
    Springfield, Illinois 62704
    Telephone No.: (217) 544-5500
    costello.m@sbcglobal.net

**CERTIFICATE OF SERVICE**

      The undersigned does hereby certify that the foregoing document was served on the following by electronic filing with the Clerk of the Court using the CM/ECF system this 8th day of August, 2007.

Theresa M. Powell
Heyl, Royster, Voelker & Allen
Suite 575, National City Center
1 N. Old State Capitol Plaza
P.O. Box 1687
Springfield, IL 62705-1687

Michael J. Lanzdorf
Assistant Attorney General
400 South Second Street
Springfield, IL  62706

                                                s/ Michael J. Costello
                                                _____

Michael J. Costello
Attorney at Law
820 South Second Street
First Floor
Springfield, Illinois 62704
Telephone No.:  (217) 544-5500
ARDC No.:  522627