E-FILED
Friday, 29 February, 2008  08:03:17 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| JUSTIN HERRICK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 06-3137 |
| v. ) | |
| ) | |
| DAVID FREEMAN et al., ) | |
| ) | |
| Defendants. ) | |

### Order

On June 29, 2007, the court granted summary judgment to Defendants on the grounds that Plaintiff had failed to exhaust his administrative remedies. The Court found in that order that:

> Plaintiff does not dispute Defendants' assertion that he did not appeal the decision of the Chief Administrative Officer's designee to the Administrative Review Board. The grievance is blank in the area for making the appeal, and the defendants have submitted an affidavit that there is no record of appeal to the Administrative Review Board. Plaintiff does assert that he filed in the Court of Claims.

Before the Court is Plaintiff's motion for reconsideration (d/e 45) and motions to supplement that motion (d/e's 46, 49).

Plaintiff submits evidence showing that he did appeal his grievance to the ARB, but that the ARB denied the appeal as untimely. (d/e 46, attachment #1). The plaintiff's grievance was filed April 28, 2005, and complained of the lack of medical treatment he had received for his knee from the date of his injury (July 2003) to the filing of the grievance. (d/e 19, Ex. B). The ARB denial states "You filed grievance over 60 days [illegible] from alleged incident 2003, 2004 issues."

It thus appears that Plaintiff did appeal the denial of his April 2005 grievance to the ARB. However, that appeal does not mean that he timely exhausted his administrative remedies as to events that occurred more than 60 days before he filed the April 2005 grievance. 20 Ill. Admin. Code § 504.180(a) states:

> A grievance shall be filed within 60 days after the discovery of the incident, occurrence, or problem that gives rise to the grievance. However, if an offender can demonstrate that a grievance was not timely filed for good cause, the grievance shall be considered.

1

Exhaustion of available administrative remedies means *proper* exhaustion–timely use of the entire grievance procedure. *Woodford v. Ngo*, 548 U.S. 81 (2006). Plaintiff's injury occurred in July 2003. Even liberally construing the record in favor of Plaintiff, Plaintiff discovered that his injury had (allegedly) not been properly diagnosed and treated by September 2004, at the latest, when he was properly diagnosed and had surgery. At most, his April 28, 2005 grievance reaches back to his discovery of wrongs 60 days old. Events *after* the April grievance regarding the treatment of Plaintiff's knee are arguably exhausted–the plaintiff is not required to file a fresh grievance every day of a continuing violation, but he cannot shoehorn stale complaints into timely exhaustion by including them in the April 2005 grievance.

In short, it appears Plaintiff did exhaust his administrative remedies but only as to occurrences that he discovered within 60 days before filing his April 28, 2005 grievance. What is left of the case in light of that conclusion is unclear.

IT IS THEREFORE ORDERED:

1) Plaintiff's motions to supplement (d/e's 46, 49) are granted.

2) Plaintiff's motion for reconsideration is granted in part (d/e 45). The clerk is directed to re-open this case.

3) Plaintiff's motion to reconsider is denied as to claims arising from occurrences that he discovered more than 60 days before April 28, 2005, the date Plaintiff filed his grievance. The court still concludes that Plaintiff failed to exhaust his administrative remedies as to those occurrences. The motion to reconsider is granted as to events that Plaintiff discovered within 60 days before April 28, 2005.

4) Defendants may, but are not required to, file dispositive motions on the remaining claims by March 28, 2008.

5) By March 17, 2008, the plaintiff is directed to show good cause why Dr. Ahmed should not be dismissed for failure to serve him. Fed. R. Civ. P. 4(m).

6) By April 30, 2008, the parties shall submit a proposed discovery plan on the remaining claims and discovery needed, if any.

Entered this 29th Day of February, 2008.

s\Harold A. Baker

HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE