IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| JUSTIN HERRICK, K91865, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.: 06-3137 |
| ) | |
| DAVID FREEMAN, GREGORY SIMS, ) | |
| ADAM McDOWELL, GLENDA ) | |
| WORTLEY, DR. AHMED, DR.LOCHARD,) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S RESPONSE TO DEFENDANTS' RENEWED MOTION FOR SUMMARY JUDGMENT**

NOW COMES the Plaintiff, Justin Herrick, by and through his counsel, Michael J. Costello, and for his Memorandum of Law in Support of his Response to Defendants' Renewed Motion for Summary Judgment pursuant to Federal Rules of Civil Procedure, Rule 56(b), respectfully states as follows:

**BACKGROUND**

On February 29, 2008 this Court concluded that the Plaintiff failed to exhaust his administrative remedies as to all claims arising from occurrences that the Plaintiff discovered more than sixty days before April 25, 2005 (Ct. Doc. #51). The Plaintiff's claims are now limited to the following:

      (a)    That in mid-February, 2005, after corresponding with healthcare about his brace, Plaintiff received a Neoprene brace but not the brace recommended by Dr. Trice;

      (b)    On March 11, 2005, Plaintiff was to have a twenty-six week check-up with Dr. Trice which did not occur;

1

    (c) Defendants refused to permit the Plaintiff to see the orthopedic specialist; and

    (d) On April 17, 2005, Dr. Ahmed examined the Plaintiff's knee in a perfunctory manner and advised that it was alright. (Ct. Doc. #1, ¶¶ 21-23.)

## UNDISPUTED MATERIAL FACTS

1. Plaintiff suffered a knee injury in July 2003 while incarcerated at Taylorville. (Compl. At 9.)

2. On July 6 2004, Dr. Hughes Lochard referred Plaintiff to Dr. Michael Trice, an orthopedic surgeon, for an outside consultation. (Compl. At 15.)

3. On September 10, 2004, Plaintiff was admitted to Decatur Memorial Hospital for surgical repair of his anterior cruciate ligament ("ACL"). (See Wortley Aff. ¶ 10, previously attached to Ct. Doc. #19.)

4. Plaintiff returned to Taylorville on September 12, 2004, with a brace provided by the hospital and orders to perform range of motion ("ROM") exercises. (See Wortley Aff. ¶ 10, attached to Ct. Doc. #19.)

5. Plaintiff conferred with Dr. Trice on October 14, 2004, (Compl. At 17) and was later seen by a physical therapist at Taylorville, who recommended that Plaintiff begin rehabilitative exercises on his own. (See Worley Aff. ¶ 11, attached to Ct. Doc. #19.)

6. Plaintiff was allowed to engage in further rehabilitative exercises by using a stationary bike at Taylorville that was donated to the facility by Plaintiff's mother. (See Wortley Aff. ¶ 11, attached to Ct. Doc. #19.)

7. Plaintiff was allowed to confer with Dr. Trice on two separate occasions in December 2004. (Compl. At 19-20.)

8. Requests for outside referrals and consultation are reviewed through a utilization process for approval and it is the responsibility of the designated physician to make the initial recommendation. (Defs.' Ex. A; Wortley Aff., ¶ 2, attached hereto).

9. The Utilization Review conferred with Dr. Trice and had a non-metal brace approved by him which was thereafter issued to Plaintiff on February 21, 2005. (Defs.' Ex. A; Wortley Aff., ¶ 4.)

10. A metal brace was not provided because the metal could potentially be used as a weapon. (Defs.' Ex. A; Wortley Aff., ¶ 4.)

11. Plaintiff was examined by a treating physician at Taylorville on April 17, 2005, and June 16, 2005. (Defs.' Ex. A; Wortley Aff., ¶ 5.)

12. During Plaintiff's incarceration at Taylorville, he has received treatment that was medically indicated. (Defs.' Ex. A; Wortley Aff., ¶ 6.)

13. Defendant Wortley, as the Healthcare Unit Administrator, has no authority to override the decisions made by the medical staff and she is not aware of any refusal by the medical staff to provide treatment to Plaintiff. (Defs.' Ex. A; Wortley Aff., ¶ 6.)

14. Defendant Wortley is not aware of any refusal by Plaintiff's treating physician to make necessary recommendations to the Utilization Review concerning Plaintiff's requests for outside referrals and consultation. (Defs.' Ex. A; Wortley Aff., ¶ 6.)

15.     Defendant Freeman served as Warden at Taylorville until February 2004. Defendant Freeman is no longer employed by the Department. (See Freeman Aff. ¶ 1, previously attached to Ct. Doc. #25.)

16.     Defendant Sims is the Warden at Taylorville and has held his position since February 2, 2004. (Defs.' Ex. B; Sims Aff.; ¶ 1, attached hereto.

17.     As Warden, Defendant Sims relies upon a staff of licensed health care personnel who are supervised by a physician to provide appropriate health care treatment. Defendant Sims has no medical training. (Defs.' Ex. B; Sims Aff., ¶ 5.)

18.     Defendant Sims did not personally review or personally make the final decision concerning Plaintiff's grievance dated April 28, 2005. Rather, the grievance was reviewed and signed by the Defendant Sims's designee, Julie Hardway-Nickles. (Defs' Ex. B; Sims Aff., ¶ 4.)

19.     Defendant Sims has had no personal involvement in the diagnosis, treatment or medical care that Plaintiff has received at Taylorville nor is he aware of any refusal by the medical staff to provide needed treatment to Plaintiff. (Defs' Ex. B; Sims Aff., ¶ 5.)

20.     Defendant McDowell, a grievance officer at Taylorville, investigated Plaintiff's claims and recommended denial of Plaintiff's grievance based on information provided by Defendant Wortley. Based upon information provided by Defendant Wortley, Defendant McDowell reported that "Offender Herrick received surgery for the repair of his ACL. He also had physical therapy after his surgery and a brace to do exercises. Range of motion is intact and ambulates without assistance. He was last seen on 4/16/05 by the doctor here at the facility and is to have a follow-up at the end of this

month (May 05). He has not been to health care at all since he saw the doctor. She states he had a referral, saw an orthopedist, had surgery, had physical therapy and continues to be followed for this issue. She states that there is no negligence and no indifference to his medical issue." (Defs' Ex. B; Sims Aff., Ex.1.)

21. Defendant Freeman served as Warden at Taylorville until February 2004. Defendant Freeman is no longer employed by the Defendant. (See Freeman Aff. ¶ 1, previously attached to Ct. Doc. #25.)

22. Defendant Sims is the Warden at Taylorville and has held this position since February 2, 2004. (Sims Aff., attached to Mem. Of Renewed Motion for Summary Judgment)

### ARGUMENT

### I.

### THE FACTS REFLECT THAT THE DEFENDANTS WERE DELIBERATELY INDIFFERENT TO A KNOWN SERIOUS MEDICAL NEED OF THE PLAINTIFF.

At issue is whether there is a genuine issue of material fact on the claims against these Defendants which supports a reasonable inference of deliberate indifference on their part. First, to recover damages under the Federal Civil Rights Statute, the plaintiff must establish the defendants' personal responsibility for claimed deprivation of constitutional right. *Crowder v. Lash*, 687 F.2d 996, 1005 (7th Cir., 1982). See also *Duncan v. Duckworth*, 644 F.2d 653, 655 (7th Cir., 1981). Second, however, a defendant's direct participation in the deprivation is not required. An official satisfies the

personal responsibility of § 1983 if he acts or fails to act with a deliberate or reckless disregard of plaintiff's constitutional rights, or if the conduct causing the constitutional deprivation occurs at his direction or with his knowledge and consent. *Crowder, ibid.* at p. 1005. But actual knowledge that a pretrial detainee faced a substantial risk of serious harm, as must be shown in a § 1983 civil rights action alleging deliberate indifference to detainee's serious medical needs, can be inferred by the trier of fact from the obviousness of the risk. *Cole v. Fromn*, 96 F.3d. 254, 260 (7th Cir., 1996).

To hold Defendant culpable, he must violate the Eighth Amendment proscription against cruel and unusual punishment when his conduct demonstrates "deliberate indifference to serious medical needs of prisoners." *Estelle v. Gamble,* 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976). The standard articulated in *Estelle, ibid.*, "deliberate indifference to serious medical needs" – contains both an objective element and a subjective element. The subjective element requires that officials act with a "sufficiently culpable state of mind". *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S.Ct. 1970, 1997, 128 L.Ed.2d 811 (1994). The court illuminated the nature of deliberate indifference as follows:

> "We hold *** that a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." 511 U.S. 837, 114 S.Ct. 1979.

6

Finally, *Estelle, ibid.*, requires the court to distinguish between deliberate indifference to serious medical needs of prisoners and negligence in diagnosing or treating a medical condition. Only the former violates the cruel and unusual punishment of the Eighth Amendment. <u>Steele v. Choi</u>, 82 F.3d 175, 178 (7th Cir., 1996).

Of course medical malpractice does not become a constitutional violation merely because the victim is a prisoner. *Estelle, ibid.*, ¶ 429 U.S. 97, 106.

What is a serious medical need? A serious medical need is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the need for a doctor's attention. *Green v. Daley,* 414 Fed.3rd 645, 653 (7th Cir. 2005). Prison officials must act or fail to act despite their knowledge of a substantial risk of serious harm. *Jones v. Simek*, 193 Fed.3rd 485, 490 (7th Cir. 1999). A caveat is that if a prisoner is under the care of medical experts a non-medical prison official would generally be justified in believing that the prisoner is in capable hands. *Greeno, ibid.,* 414 Fed.3rd ¶ 656.

The Plaintiff has alleged that he was denied adequate follow up care, the use of a prescribed brace due to a clerical decision and the appropriate rehabilitation therapy, all of which resulted from the policy, pattern and practice of delaying treatment for inmates at which time all Defendants were acting under color of state law. The Renewed Motion for Summary Judgment of the Defendants should be denied because the Plaintiff has stated a claim under § 1983 supported by facts.

Regarding Defendant McDowell, the Plaintiff claims that McDowell was deliberately indifferent to a known medical need because his failure to respond appropriately to Plaintiff's grievance. McDowell investigated the Plaintiff's grievance as

to his claims and recommended denial of the Plaintiff's grievance dated April 28, 2005 based on information provided by Defendant Wortley. Whether this was a deliberate indifference to a known medical need is a question of fact to be presented and determined by a trier of fact and Summary Judgment is inappropriate.

Regarding Defendant Wortley, the Plaintiff has stated claims against Defendant Wortley because he was denied the opportunity to see the orthopedic specialist. Again, Wortley was the health care unit administrator and disregarded a known medical need of the Plaintiff which is a question of fact to be determined by the Court or jury.

## II.

### DEFENDANTS ARE NOT ENTITLED TO QUALIFIED IMMUNITY

At issue is whether the Defendants are entitled to qualified immunity because they claim they had no personal involvement which affords them protection under the qualified immunity doctrine.

Qualified immunity is a doctrine wherein Government officials performing discretionary functions generally are shielded from liability from civil damages if their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 817, 102 S.Ct. 2727 (1982) (an action involving excessive force under the Fourth Amendment). In determining whether a constitutional right is "clearly established" as required for a plaintiff to defeat a government official's claim of qualified immunity in a civil rights action, the relevant, dispositive inquiry is whether it would be clear to a reasonable official that his conduct was unlawful in the situation he confronted. *Saucier v. Katz*, 533 U.S. 194, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001) To determine if an official is entitled

to qualified immunity, a two part inquiry is required; (1) whether a constitutional right would have been violated on the facts alleged, and (2) whether the right alleged to have been violated was clearly established. The second prong examination is viewed in light of the specific context of the particularized facts and not as a broad general proposition. *Saucier, ibid*.

Of course the privilege of qualified immunity is an immunity from suit rather than a mere defense for liability; however, an official who makes a reasonable mistake as to what the law requires is entitled to the defense of qualified immunity. *Saucier, ibid.* Regarding the two step test in *Saucier,* ibid, the Supreme Court recently granted certiorari to consider whether *Saucier* should be overrule in Pearson v. Callahan, 128 S.Ct. 1702 (March 24, 2008).

There is no question that the Defendants should be denied qualified immunity because there is no reasonable mistake as to the requirements of the Eighth Amendment regarding those whom the Government is punishing by incarceration. A constitutional right has been clearly established by the Plaintiff and this right has been violated. The Plaintiff has alleged that he was denied adequate follow up care, denied the use of a prescribed brace due to a clerical decision, and denied the appropriate rehabilitation physical therapy. The Plaintiff has established a deliberate indifference to a serious known medical need.

                                                          JUSTIN HERRICK, Defendant

                                          s/ Michael J. Costello
                                          Michael J. Costello Bar Number 522627
                                          Attorney for the Plaintiff
                                          Costello Law Office
                                          820 South Second Street
                                          First Floor
                                          Springfield, Illinois 62704
                                          Telephone No.: (217) 544-5500
                                          Fax No.: (217) 544-7500
                                          costello.m@sbcglobal.net

## CERTIFICATE OF SERVICE

      The undersigned does hereby certify that the foregoing document was served on the following by electronic filing with the Clerk of the Court using the CM/ECF system this 28th day of July, 2008.


Theresa M. Powell
Heyl, Royster, Voelker & Allen
Suite 575, National City Center
1 N. Old State Capitol Plaza
P.O. Box 1687
Springfield, IL 62705-1687

Michael J. Lanzdorf
Assistant Attorney General
400 South Second Street
Springfield, IL 62706


                                          s/ Michael J. Costello
                                          _____

Michael J. Costello
Attorney at Law
820 South Second Street
First floor
Springfield, Illinois 62704
Telephone No.: (217) 544-5500
ARDC No.: 522627